UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
------------------------------------------------------
                                            :
NORMAN POMALES,                             :
                                            :   CASE NO. 1:08-cv-01054; 1:03-cr-00431-3
         Petitioner,                        :
                                            :
vs.                                         :   OPINION & ORDER
                                            :   [Resolving 1:03-cr-00431-3 Docs. 307, 336,
UNITED STATES OF AMERICA,                   :    340, 342.]
                                            :
         Respondent.                        :
                                            :
------------------------------------------------------

JAMES S. GWIN, UNITED STATES DISTRICT JUDGE:

Petitioner Norman Pomales moves this Court to permit him discovery on his claims for post-conviction relief and moves this Court to appoint him counsel to aid in discovery. [Doc. 307, 322-1.] The Magistrate Judge recommended that the Court deny the motion because, even with discovery, Petitioner Pomales could not demonstrate that he was entitled to relief. [Doc. 327 at 4-5.]

Petitioner Pomales had separately moved to vacate his sentence under 28 U.S.C. § 2255 saying that he received ineffective assistance of counsel. [Doc. 306.] The Magistrate Judge issued a Report and Recommendation on the original § 2255 motion and then a separate Report and Recommendation on the current motion to conduct discovery and appoint counsel. [Docs. 326, 327.] Following the Magistrate Judge, this Court resolved the motions separately and first denied Pomales's motion to vacate his sentence that was premised upon his argument of having received ineffective assistance of counsel. [Doc. 333.]

Case No. 1:08-cv-01054; 1:03-cr-00431-3
Gwin, J.

Because Pomales has not shown that he is entitled to discovery in this case, this Court additionally **DENIES** his motion to conduct discovery and appoint counsel. [Doc. 307.]

### I. Background Facts and Procedure

To give background to Pomales's petition, this Court will first describe the general progression of this case, and then describe the facts relevant to Pomales's motion for discovery.

*I.A.    General Procedural Background*

On November 19, 2003, a grant jury returned a thirteen-count indictment against Norman Pomales and eight other defendants. The indictment charged Pomales in two counts: (1) conspiracy to possess with the intent to distribute more than 50 grams of cocain base ("crack") and/or more than 5 kilograms of cocain powder, violating 21 U.S.C. § 841(a)(1), (b)(1)(A) and § 846; and (2) using a telephone to facilitate a drug trafficking offense, violating 21 US.C. § 843(b). [Doc. 1.] Pomales pleaded not guilty on both counts.

After a three-day trial, on February 27, 2004, the jury found Pomales guilty on both counts. [Doc. 155.] On May 27, 2004, this Court then sentenced Pomales to 360 months incarceration on the drug conspiracy count and 48 months incarceration on the telephone use count. [Docs. 223, 224.] Pomales appealed the conviction and his sentence. The Sixth Circuit affirmed his conviction but vacated the sentence, remanding his case for resentencing in light of the Supreme Court's decision in with *United States v. Booker*, 543 U.S. 220 (2005). *United States v. Cornell*, 162 F.ed Appx. 404 (6th Cir. 2006).

This Court resentenced Pomales on February 28, 2006 to 240 months incarceration on the drug conspiracy count and 48 months incarceration on the telephone use count. [Docs 270, 271.] The 240 month sentence reflected the statutory mandatory minimum period of incarceration.

Case No. 1:08-cv-01054; 1:03-cr-00431-3
Gwin, J.

Pomales appealed this resentencing. The Sixth Circuit affirmed this Court's sentence. After losing on his direct appeal, Pomales brought this petition under § 2255, arguing that he was denied the effective assistance of counsel.

I.B.   *Claim for Additional Discovery*

Pomales petitions this Court for additional discovery to prepare an amended § 2255 petition saying that his conviction rested on the "investigative work and testimony of [Drug Enforcement Agency] agent Lee Lucas." [Doc. 322-1 at 2.] Petitioner complains that DEA Agent Lucas "has committed perjury" and that his "testimony has led to the wrongful convictions of nearly two dozen people." [Doc. 322-1 at 2.] To assess this claim, this Court will provide a more detailed review of DEA Agent Lucas's testimony and involvement in this case.

As the Magistrate Judge noted, "although Agent Lucas did testify at Pomales's trial, the principal evidence against Pomales consisted of recordings of Pomales's own voice making arrangements for a drug buy with Randall Allman, an informant." [Doc. 327 at 5.][1/]

The Prosecutor played the calls for the jury. [(Tr. Vol. I) Doc. 209 at 24, 25.] During these calls, Agent Lucas had instructed Allman to set up a controlled buy of cocaine. [(Tr. Vol. I Doc. 209 at 27-29.] Allman was wearing a wire during this controlled buy and the Prosecutor also played the tape recording of this wired conversation. [(Tr. Vol. I) Doc. 209 at 31.]

---

[1/] On direct examination, Agent Lucas described his involvement as follows:

Q.   Let me ask you specifically . . . . What specifically did you do with Allman to target Pomales and how did that work, how it was set up, where was the location, what was going on?

A.   After attempting to deliver cocaine to two other suspects, we made a tape-recorded telephone call, two of them, to Mr. Pomales.

[(Tr. Vol. I) Doc. 209 at 16.]

Case No. 1:08-cv-01054; 1:03-cr-00431-3
Gwin, J.

Agent Lucas later arrested Pomales and found $440 in cash on his person and a bank receipt for a checking account with $90,022. [(Tr. Vol. I) Doc. 209 at 37.]

In addition to Agent Lucas's testimony and the tapes of the controlled buy, Allman, the informant, also testified at trial. [(Tr. Vol. I) Doc. 209 at 128.] Allman confirmed the first of the phone calls during his testimony and identified his own voice and also the voice of Agent Lucas in the background of the call directing him what to say. [(Tr. Vol. I) Doc. 209 at 130.][2/] Allman also described the events of the controlled buy. [(Tr. Vol. I) Doc. 209 at 131-35.]

During the controlled buy, Allman used his car to pick Pomales up. While the two were driving around, Pomales received a call saying "that Jeffery Williams' house just got raided, and something is going on." [(Tr. Vol. I) Doc. 209 at 133.] After this call, Pomales asked to be dropped off, and would not complete the controlled buy. [(Tr. Vol. I) Doc. 209 at 134-35.]

Lucas testified that, while Allman was meeting with Pomales, "[p]eople were raiding or conducting a search warrant at Jeff Williams' residence." [(Tr. Vol. I) Doc. 209 at 33.] He also testified that, after the call to Pomales about Williams, Agent Lucas observed that Allman, in his car, "immediately turned around, pulled up to Mr. Pomales' house, Pomales got out and ran up to his house and then he sat on his porch and waited." [(Tr. Vol. I) Doc. 209 at 34.]

---

[2/] During the playing of the tape of the first call at trial, Allman stated:

Q. Now whose voice is that, did you just hear that voice?

A. I think it was Mr. Lucas's.

Q. What's he doing during this conversation with you?

A. Directing me what to do.

[(Tr. Vol. I) Doc. 209 at 130.]

Case No. 1:08-cv-01054; 1:03-cr-00431-3
Gwin, J.

## II.  Legal Standard for Habeas Discovery

In *Harris v. Nelson*, 394 U.S. 286, 300 (1969), the Supreme Court held that, "where specific allegations before the court show reason to believe that the petitioner may, if the facts are fully developed, be able to demonstrate that he is confined illegally and is therefore entitled to relief, it is the duty of the court to provide the necessary facilities and procedures for an adequate inquiry."  See also *Bracy v. Gramley*, 520 U.S. 899 (1997).

Rule 6(a) of the Rules Governing Section 2255 Proceedings for the United States District Courts was promulgated to be "consistent with *Harris v. Nelson*,"and provides:

> A judge may, for good cause, authorize a party to conduct discovery under the Federal Rules of Civil Procedure and may limit the extent of discovery.  If necessary for effective discovery, the judge must appoint an attorney for a petition who qualifies to have counsel appointed under 28 U.S.C. § 3006A.

Rules Governing Section 2255 Proceedings 6(a); *see also* Advisory Committee Notes to 1976 Adoption of Section 2254 Rule 6(a).  The Sixth Circuit has emphasized that discovery is necessary where a petitioner proffers "*specific allegations*" that demonstrate the petition may be "*entitled to relief.*"  Lynott v. Story, 929 F.2d 228, 232 (6th Cir. 1991) (emphasis in original) (citing *Harris*, 394 U.S. at 300).

In order to determine whether the allegations here are sufficient, this Court must describe what Pomales must ultimately prove to achieve relief.

Petitioner Pomales does not make clear whether he seeks discovery because the allegations related to Agent Lucas are newly discovered evidence, *see Aguwa v. United States*, 19 Fed. Appx. 289, 291-92 (6th Cir. 2001), or because the Government knew about allegations that Agent Lucas lacked credibility and failed to disclose them in violation of *Brady*, *see  Schledwitz v. United States*,

Case No. 1:08-cv-01054; 1:03-cr-00431-3
Gwin, J.

169 F.3d 1003, 1011-12 (6th Cir. 1999).[3/]

### III. Analysis

Under either the newly discovered evidence standard or the *Brady* standard, Pomales has failed to make specific allegations showing that he is entitled to relief.

In *Bracy*, the Supreme Court decided whether to grant the petitioner's request for discovery to develop a claim of judicial bias in his petition for habeas corpus. 520 U.S. at 900-01. The judge presiding over the petitioner's trial had, following trial, been convicted of conspiracy, racketeering, extortion, and obstructing justice for soliciting bribes from attorneys that practiced before him. *Id.* at 901-02. The petitioner had argued that his trial judge was biased against him because: (1) the trial judge had a previous connection with petitioner's count-appointed attorney, (2) the court-appointed attorney did not object to or interfere with a prompt trial, and (3) the judge was engaging in bribe negotiations for a separate murder trial at the same time as petitioner's case. *Id.* at 908.

Petitioner suggested that, because of the bribe negotiations, the trial judge appointed the attorney with the understanding that he would not object to a quick trial. Under this theory of bias, the trial judge then ruled against petitioner whenever he could so as to deflect suspicion in cases in which the trial judge planned to take bribes from defendants (and would therefore rule in favor of the defendants whenever he could). *Id.* at 908-09.

---

[3/] To obtain a new trial under § 2255 for newly discovered evidence, the petition must show the newly discovered evidence "the evidence (1) was discovered only after trial, (2) could not have been discovered earlier with due diligence, (3) is material and not merely cumulative or impeaching, and (4) would likely produce an acquittal if the case were retried." *Aguwa*, 19 Fed. Appx. at 292 (citations and internal quotations omitted).

To obtain relief under § 2255 for an alleged *Brady* violation, the petition must show that the Government failed to turn over evidence that was "both favorable . . . and material." *Schledwitz*, 169 F.3d at 1011. Evidence is materials if "there is reasonable probability that, had the evidence been disclosed to the defense, the result of the proceeding would have been different." *Id.* at 1012 (citations and internal quotations omitted). Reasonable probability is "a probability sufficient to undermine confidence in the outcome." *Id.* (citations and internal quotations omitted).

Case No. 1:08-cv-01054; 1:03-cr-00431-3
Gwin, J.

In holding that petitioner was entitled to discovery to test this theory, the Court emphasized that, based on the three facts numbered above, petitioner presented specific allegations "that [the trial judge] was biased *in petitioner's own case*." *Id.* at 909 (emphasis in original). The later criminal conviction of the trial judge, the Court implied, would not require courts to grant habeas relief, or even additional discovery, for every trial that the trial judge had presided over. *See id.* Instead, that case warranted discovery because of the specific allegations related to petitioner's case–not simply a blanket allegation of corruption. *See id.*

Here, unlike *Bracy*, Pomales has not pointed to any specific allegations related to his case. Although he directs this Court to allegations of corruption related to Agent Lucas, he does not make any allegation that Lucas gave false testimony in his case, or that the Government failed to turn over impeachment evidence. Most importantly, as the Magistrate Judge noted, "the principal evidence against Pomales consisted of recordings of Pomales's own voice making arrangements for a drug buy with Randall Allman." [Doc. 327 at 4-5.]

Even if Pomales could show that there was a *Brady* violation in his case, a point on which this Court takes no position, Pomales cannot show that "there is reasonable probability that, had the evidence been disclosed to the defense, the result of the proceeding would have been different." *Schledwitz*, 169 F.3d at 1012. This is not a case where impeachment evidence would have led to a different result–the Government played tapes of the phone calls setting up the drugs deals and the tape from the controlled buy. Additionally, Allman testified against Pomales.

### IV. Conclusion

Because Pomales has not made specific allegations to support his request for discovery, and could not show that he may be entitled to relief, this Court **DENIES** the motion to take additional

Case No. 1:08-cv-01054; 1:03-cr-00431-3
Gwin, J.

discovery and to appoint counsel. [Doc. 307.]

This Court will, however, **PARTIALLY GRANT** and **PARTIALLY DENY** Pomales's motions for a certificate of appealability. [Docs. 336, 340.] This Court certifies that no appeal could be taken in good faith of its decision on Pomales's claims covered in Docket Entry 333 (Pomales's ineffective assistance of counsel claims). [Doc. 333.] This Court does, however, certify that an appeal of this decision denying discovery could be taken in good faith. This Court will additionally **GRANT** Pomales's motion to proceed in forma pauperis on appeal. [Doc. 342.]

IT IS SO ORDERED.

Dated: July 31, 2009   s/ *James S. Gwin*
JAMES S. GWIN
UNITED STATES DISTRICT JUDGE