UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
--------------------------------------------------------
                                             :
UNITED STATES OF AMERICA,                    :
                                             :          CASE NO. 1:03-CR-00431-3
          Plaintiff,                         :
                                             :
vs.                                          :          OPINION & ORDER
                                             :          [Resolving Doc. No. 384]
NORMAN POMALES,                              :
                                             :
          Defendant.                         :
                                             :
--------------------------------------------------------

JAMES S. GWIN, UNITED STATES DISTRICT JUDGE:

In March 2006, this Court sentenced Defendant Norman Pomales to 240 months' imprisonment for conspiracy to possess with intent to distribute cocaine and cocaine base.[1] Pomales now moves for a reduction in that sentence, *see* 18 U.S.C. § 3582(c)(2); United Sentencing Guidelines Manual (USSG) § 1B1.10 (2011), pointing out that pursuant to the Fair Sentencing Act of 2010, the Sentencing Commission retroactively reduced the guidelines sentences for cocaine-base offenses.[2]  [Doc. 384.]  The United States opposes the motion.  [Doc. 385.]  The Court concludes that Pomales's requested reduction is not "consistent with applicable policy statements issued by the Sentencing Commission," 18 U.S.C. § 3582(c)(2), and denies Pomales's motion.

At Pomales's sentencing, the Court calculated a total offense level 40 and a criminal-history

---

[1] The Court also sentenced Pomales to 48 months' imprisonment (to be served concurrent with the conspiracy to possess with intent to distribute cocaine and cocaine base sentence) for use of a telephone to facilitate drug trafficking.

[2] The Court marginally denied Pomales's earlier pro se motion for a sentencing reduction.  [Docs. 374; 367.] The Court assumes, without deciding, that the current motion is not barred by that earlier motion

Case No. 1:03-CR-00431-3
Gwin, J.

category IV, which resulted in a guidelines range of 360 months' to life imprisonment.[3]  After

applying the 18 U.S.C. § 3553(a) factors, the Court sentenced Pomales to 240 months'

imprisonment.  According to the new (and retroactive) drug-table in U.S.S.G. § 2D1.1, however,

Pomales's amended guidelines range is 262 to 327 months' imprisonment.  Therefore, Pomales says,

the Court should resentence him with an "equally-proportionate variance . . . which equates to 174

months [imprisonment]."  [Doc. 384 at 6.]

The Court has some authority under 18 U.S.C. § 3582 to reduce a previously imposed

sentence.  In particular, § 3582(c)(2) provides that

> in the case of a defendant who has been sentenced to a term of imprisonment based
> on a sentencing range that has subsequently been lowered by the Sentencing
> Commission . . . the court may reduce the term of imprisonment . . . if such a
> reduction is consistent with applicable policy statements issued by the Sentencing
> Commission.

18 U.S.C. § 3582(c)(2).  Accordingly, § 3582(c)(2) authorizes the Court to reduce Pomales's

sentence only if (1) that sentence is "based on a sentencing range that has subsequently been

lowered" and (2) "if such a reduction is consistent with applicable policy statements issued by the

Sentencing Commission." *Id.*

Regardless of whether Pomales's sentence was based on a range that has subsequently been

lowered, the reduction he seeks is not consistent with the Sentencing Commission's policy

statements.  That policy statement disallows (with one exception, inapplicable to Pomales) a

reduction of a defendant's term of imprisonment "to a term that is less than the minimum of the

amended guideline range . . . ."  U.S.S.G. § 1B1.10(b)(2)(A)  Pomales's 240-month sentence is

---

[3]The Court originally sentenced Pomales to 360 months' imprisonment.  [Doc. 223.]  Pomales appealed his conviction and sentence; the Sixth Circuit, while affirming the conviction, vacated and remanded for resentencing consistent with *United States v. Booker*, 543 U.S. 220 (2005).  On remand, the Court imposed the 240-month sentence, which the Sixth Circuit later affirmed.

-3-

Case No. 1:03-CR-00431-3
Gwin, J.

already a term below that of the amended guidelines range of 262 to 327 months' imprisonment.

Accordingly, a further reduction is inconsistent with this Court's § 3582(c)(2) resentencing authority,

and the Court **DENIES** Pomales's motion for a sentencing reduction.

IT IS SO ORDERED.


Dated: June 21, 2012                                    s/          *James S. Gwin*
                                                       JAMES S. GWIN
                                                       UNITED STATES DISTRICT JUDGE