UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
-------------------------------------------------------
                                                    :
NORMAN POMALES,                   :     CASE NO. 1:03-CR-00431-003
                                                    :
        Petitioner,                     :
                                                    :
vs.                                                 :     OPINION & ORDER
                                                    :     [Resolving Docs. No. 376, 379, 381]
UNITED STATES OF AMERICA,    :
                                                    :
        Respondent.                     :
                                                    :
-------------------------------------------------------

JAMES S. GWIN, UNITED STATES DISTRICT JUDGE:

      Petitioner Norman Pomales seeks relief from final judgement under Federal Rule of Civil Procedure 60(b), claiming a right to additional discovery under 28 U.S.C § 2255(b). [Doc. 376 at 1-2]. The Government opposes Pomales' motion because "these issues were fully addressed on appeal" and because "Pomales' motion does not satisfy any of the grounds for relief set forth in Fed. R. Civ. P. 60(b)." [Doc. 379 at 6].

      For the reasons discussed below, the Court **TRANSFERS** Pomales' motion to the Sixth Circuit Court of Appeals. The Court also **NOTICES** the previous entry and continued conditions of its July 31, 2009 Order denying additional discovery, and partially granting and partially denying motions for a certification of appealability. [Doc. 344].

      This Court's previous orders [Doc. 333, 344] recount the procedural background of this case. As there explained at greater length, on February 27, 2004 a jury found Pomales guilty on two counts: (1) conspiracy to possess with the intent to distribute more than 50 grams of cocain base

-1-

Case No. 1:03-CR-00431-003
Gwin, J.

("crack") and /or more than 5 kilograms of cocain powder, a violation of 21 U.S.C. § 841(a)(1), (b)(1)(A), and § 846; and (2) using a telephone to facilitate a drug trafficking offense, a violation of 21 U.S.C. § 843(b). [Doc. 1, 224]. On appeal, the Sixth Circuit affirmed Pomales' conviction, but vacated his sentence and remanded for resentencing in light of the Supreme Court's decision in *United States v. Booker*, 543 U.S. 220 (2005). *United States v. Cornell*, 162 Fed. Appx. 404 (6th Cir. 2006). This Court amended Pomales sentence accordingly, and the Sixth Circuit affirmed this Court's sentence. [Docs. 271, 303]. Pomales then brought a habeas corpus motion under 28 U.S.C. § 2255 alleging that he had been unconstitutionally denied the effective assistance of counsel, and, in a separate motion, petitioned this Court for additional discovery to support that claim. [Docs. 306-1, 322]. This Court denied both motions, [Docs. 333, 344], and the Sixth Circuit affirmed the denial of Pomales § 2255 motion. [Doc. 366]. Pomales then filed the instant motion, purportedly under Federal Rule of Civil Procedure 60(b), seeking relief from the denial of his § 2255 motion. [Docs. 376, 381].

Generally, Federal Rule of Civil Procedure 60(b) allows a court to grant relief from a final judgment in limited circumstances. Yet, for a prisoner in federal custody,

> a Rule 60(b) motion should be considered a § 2255 motion to vacate, set aside, or correct the sentence "if it attacks the federal court's previous resolution of a claim on the merits, since alleging that the court erred in denying habeas relief on the merits is effectively indistinguishable from alleging that the movant is, under the substantive provisions of the statutes, entitled to habeas relief."

*In re Nailor*, 487 F.3d 1018, 1022 (6th Cir. 2007) (quoting *Gonzales v. Crosby*, 545 U.S. 524, 532 (2005)). And "[a] second or successive [§ 2255] motion must be certified as provided in section 2244 by a panel of the appropriate court of appeals." 28 U.S.C § 2255(h). Because Pomales' Rule 60(b) motion qualifies as a successive § 2255 motion Pomales must have a certificate from the Sixth

Case No. 1:03-CR-00431-003
Gwin, J.

Circuit in order for this Court to entertain this motion. Since he lacks such a certificate, this Court cannot entertain his motion.

Pomales raises two claims to relief in his Rule 60(b) motion. Pomales first says, in effect, that this Court and the Sixth Circuit erred in determining that "records of the case conclusively show that the prisoner is entitled to no relief," the condition precedent for his claim that he is entitled to an evidentiary hearing. [Doc. 376 at 2] (quoting 28 U.S.C. § 2255(b)). He says this is so because "the record was unclear as to his trial counsel's performance regarding the removal of Juror #8." *Id.* As Pomales would have it, this Court must hold a hearing to conclusively determine whether trial counsel engaged in unprofessional conduct in failing to remove Juror #8 and whether any purported failure constituted prejudice under *Strickland v. Washington*, 466 U.S. 668 (1984). This proposed inquiry goes to the merits of Pomales' ineffective assistance of counsel claim. This Court and the Sixth Circuit have already denied that claim and ruled that "no further appeal could be taken in good faith." [Doc. 344 and accompanying minute entry]. As such, Pomales' Rule 60(b) motion attacks a previous judgement on the merits. Since Pomales lacks the requisite certification, this Court does not have jurisdiction to consider the instant motion.

Pomales' request for additional discovery likewise requires certification from the Sixth Circuit. Pomales asserts that he is entitled to additional discovery to disprove this Court's determination that "records of the case conclusively show that the prisoner is entitled to no relief." 28 U.S.C. § 2255. In so doing, Pomales attempts to relitigate this Court's earlier order that "[he] cannot show that 'there is reasonable probability that, had the evidence been disclosed to the defense, the result of the proceeding would have been different." [Doc. 344 at 7] (quoting *Schledwitz v. United States*, 169 F.3d 1003, 1012 (6th Cir. 1999) (internal quotations omitted)). This inquiry goes

Case No. 1:03-CR-00431-003
Gwin, J.

to the merits of Pomales' entitlement to new discovery under § 2255, which this court has already denied. [Doc. 344 at 7-8]. And granting Pomales' motion would open a new inquiry into the merits of Pomales' conviction itself. Again, since Pomales lacks certification from the Sixth Circuit this Court cannot entertain the instant motion.

The proper course, then, is to transfer Pomales' motion to the Sixth Circuit Court of Appeals. *See In re Sims*, 111 F.3d 45, 47 (6th Cir. 1997) (per curiam) ("[W]e hold that when . . . a second or successive petition for habeas corpus relief or § 2255 motion is filed in the district court without § 2244(b)(3) authorization from this court, the district court shall transfer the document to this court pursuant to 28 U.S.C. § 1631."); 28 U.S.C. § 1631 ("Whenever a civil action is filed in a court . . . or an appeal . . . is noticed for or filed with such a court and that court finds that there is a want of jurisdiction, the court shall, if it is in the interest of justice, transfer such action or appeal to any other such court in which the action or appeal could have been brought . . . .").

Accordingly, the Court **TRANSFERS** Pomales' motion to the Sixth Circuit Court of Appeals. The Court also **NOTICES** the previous entry and continued conditions of its July 31, 2009 Order denying additional discovery, and partially granting and partially denying motions for a certification of appealability. [Doc. 344]

IT IS SO ORDERED

Dated: August 27, 2012                s/        *James S. Gwin*
                                      JAMES S. GWIN
                                      UNITED STATES DISTRICT JUDGE