UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
-------------------------------------------------------
:
NORMAN POMALES,                    :        CASE NO. 1:03-CR-00431-003
:
Petitioner,            :
:
vs.                                :        OPINION & ORDER
:        [Resolving Doc. 427.]
UNITED STATES OF AMERICA,          :
:
Respondent.           :
:
-------------------------------------------------------

JAMES S. GWIN, UNITED STATES DISTRICT JUDGE:

Petitioner Norman Pomales seeks relief from final judgement under Federal Rule of Civil Procedure 60(b), claiming that audio recordings made available to him at discovery show that he is actually innocent.[1] The Government says that Pomales's motion "is properly classified as a second or successive § 2255 petition" and thus is "subject to transfer to the Sixth Circuit for authorization."[2] The Court agrees that Pomales' petition is properly construed as successive petition because it contains claims that could have been brought as part of Pomales' original § 2255 petition. The Court, therefore, **TRANSFERS** Pomales's motion to the Court of Appeals.

---

[1] [Doc. 427.]

[2] [Doc. 428 at 4.]

-1-

Case No. 1:03-CR-00431-003
Gwin, J.

This Court's previous orders recount the procedural background of this case.[3] As there explained at greater length, on February 27, 2004 a jury found Pomales guilty on two counts: (1) conspiracy to possess with the intent to distribute more than 50 grams of cocain base ("crack") and /or more than 5 kilograms of cocain powder, a violation of 21 U.S.C. § 841(a)(1), (b)(1)(A), and § 846; and (2) using a telephone to facilitate a drug trafficking offense, a violation of 21 U.S.C. § 843(b).[4] On appeal, the Sixth Circuit affirmed Pomales' conviction, but vacated his sentence and remanded for resentencing in light of the Supreme Court's decision in *United States v. Booker*, 543 U.S. 220 (2005).[5] This Court amended Pomales's sentence accordingly, and the Sixth Circuit affirmed this Court's sentence.[6] Pomales then brought a habeas corpus motion under 28 U.S.C. § 2255 alleging that he had been unconstitutionally denied the effective assistance of counsel, and, in a separate motion, petitioned this Court for additional discovery to support that claim.[7] This Court denied both motions[8], and the Sixth Circuit affirmed the denial of Pomales § 2255 motion.[9] Pomales then filed a motion, purportedly under Federal Rule of Civil Procedure 60(b), seeking relief from the denial of his § 2255 motion.[10] The Court considered Pomales's motion, found that it

---

[3][Doc. 333, 344, 376.]

[4][Docs. 1, 224.]

[5]*United States v. Cornell*, 162 Fed. Appx. 404 (6th Cir. 2006).

[6][Docs. 271, 303.]

[7][Docs. 306-1, 322.]

[8][Docs. 333, 344.]

[9][Doc. 366.]

[10][Docs. 376, 381.]

Case No. 1:03-CR-00431-003
Gwin, J.

constituted a successive petition, and transferred it to the Court of Appeals.[11/] This, second, Rule 60(b) motion followed.

Generally, Federal Rule of Civil Procedure 60(b) allows a court to grant relief from a final judgment in limited circumstances. Yet, for a prisoner in federal custody,

> a Rule 60(b) motion should be considered a § 2255 motion to vacate, set aside, or correct the sentence "if it attacks the federal court's previous resolution of a claim on the merits, since alleging that the court erred in denying habeas relief on the merits is effectively indistinguishable from alleging that the movant is, under the substantive provisions of the statutes, entitled to habeas relief."[12/]

And "[a] second or successive [§ 2255] motion must be certified as provided in section 2244 by a panel of the appropriate court of appeals."[13/]

Pomales argues that discovery tapes, which he admits have been available to his counsel since his original trial, show that he is actually innocent. He also says that because DEA Agent Lee Lucas was under investigation while he worked to investigate Pomales, the investigation of Pomales is tainted.[14/] These claims were already considered on the merits. The Court of Appeals determined that "Pomales was convicted primarily on the evidence of recordings of Pomales's own voice making arrangements for the purchase of drugs with Randall Allman, a government informant. Allman also described the events of the attempted purchase. Consequently, any new evidence pertaining to Agent Lucas's credibility would not likely lead to relief for Pomales."[15/] Because

---

[11/][Doc. 398.]

[12/]*In re Nailor*, 487 F.3d 1018, 1022 (6th Cir. 2007) (quoting *Gonzales v. Crosby*, 545 U.S. 524, 532 (2005)).

[13/]28 U.S.C § 2255(h).

[14/][Doc. 427 at 3.]

[15/][Doc. 365 at 4.]

Case No. 1:03-CR-00431-003
Gwin, J.

Pomales' Rule 60(b) motion thus qualifies as a successive § 2255 motion, Pomales must have a certificate from the Sixth Circuit in order for this Court to entertain this motion. Since he lacks such a certificate, this Court cannot entertain his motion.

The proper course, then, is to transfer Pomales' motion to the Sixth Circuit Court of Appeals.[16] Accordingly, the Court **TRANSFERS** Pomales' motion to the Sixth Circuit Court of Appeals.

IT IS SO ORDERED

Dated: May 17, 2013                             s/     *James S. Gwin*
                                                JAMES S. GWIN
                                                UNITED STATES DISTRICT JUDGE

---

[16] *See In re Sims*, 111 F.3d 45, 47 (6th Cir. 1997) (per curiam) ("[W]e hold that when . . . a second or successive petition for habeas corpus relief or § 2255 motion is filed in the district court without § 2244(b)(3) authorization from this court, the district court shall transfer the document to this court pursuant to 28 U.S.C. § 1631."); 28 U.S.C. § 1631 ("Whenever a civil action is filed in a court . . . or an appeal . . . is noticed for or filed with such a court and that court finds that there is a want of jurisdiction, the court shall, if it is in the interest of justice, transfer such action or appeal to any other such court in which the action or appeal could have been brought . . . .").