UNITED STATES DISTRICT COURT
NONTHERN DISTRICT OF OHIO
------------------------------------------------------------
:
UNITED STATES OF AMERICA     :     CASE NO. 1:03-CR-431
:
      Plaintiff,     :
:
v.     :     OPINION AND ORDER
:     [Resolving Doc. 450]
NORMAN POMALES,     :
:
      Defendant.     :
:
------------------------------------------------------------

JAMES S. GWIN, UNITED STATES DISTRICT JUDGE:

    Defendant Norman Pomales is currently serving a 240 month sentence for conspiracy to possess with intent to distribute cocaine and cocaine base.[1/] Pomales has now moved to reduce his term of imprisonment pursuant to Amendment 782 to the Sentencing Guidelines.[2/] The government opposes.[3/] For the following reasons, this Court **DENIES** Defendant's motion.

## I. Background

    On February 24, 2004, a jury convicted Pomales of conspiracy to possess with intent to distribute cocaine and cocaine base and of use of a telephone to facilitate drug trafficking.[4/] At sentencing on February 28, 2006, the Court found Pomales's offense level to be 40 and his criminal history category to be IV, resulting in a Guidelines Range of 360 months to life imprisonment.[5/] The offense level calculation was based on a quantity finding of between 2 and 4 kilograms of crack

---

[1/] Doc. 271.

[2/] Doc. 450. The Court has previously denied two other sentence reduction motions filed by Pomales.  *See* Docs. 374, 391.

[3/] Doc. 451.

[4/] Doc. 157.

[5/] Docs. 277 at 31, 243-1 at 42.

Case No. 1:03-CR-431
Gwin, J.

cocaine.[6]  The Court sentenced Pomales to a below-Guidelines sentence of 240 months' imprisonment.[7]

Pomales now says that Guidelines Amendment 782 has retroactively amended his Guidelines range to 210 to 262 months' imprisonment. He requests a reduction in his term of imprisonment to 210 months.

## II. Standards

In general, district courts lack jurisdiction to modify a final judgment of conviction that includes a term of imprisonment.[8]  The Court does, however, have some authority under 18 U.S.C. § 3582 to reduce a previously imposed sentence. "[I]n the case of a defendant who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission . . . the court may reduce the term of imprisonment . . . if such a reduction is consistent with applicable policy statements issued by the Sentencing Commission."[9]  Accordingly, a court may reduce a previously imposed sentence only if (1) that sentence is "based on a sentencing range that has subsequently been lowered" and (2) "the reduction is consistent with applicable policy statements issued by the Sentencing Commission."

The sentencing Commission's policy statements make clear that a defendant is not automatically entitled to a sentence reduction merely because he is eligible for one. Rather, the Court must consider the relevant factors set forth in 18 U.S.C. § 3553(a)[10] and evaluate public safety

---

[6] Doc. 277 at 5-9.

[7] *Id.* at 33.  The Court had previously made the same findings and imposed a sentence of 360 months' imprisonment.  Doc. 243-1 at 17, 42.  That sentence was vacated and the case was remanded for resentencing after *Booker* made the Guidelines advisory.  *See* Doc. 266.

[8] *Dillon v. United States*, 560 U.S. 817, 824 (2010) (citing 18 U.S.C. § 3582(b)).

[9] 18 U.S.C. § 3582(c)(2).

[10] U.S.S.G. § 1B1.10 App. Note 1(B)(i).

-2-

Case No. 1:03-CR-431
Gwin, J.

concerns.[11] The Court may also consider Pomales's post-sentencing conduct.[12]

### III. Analysis

Amendment 782, which the Sentencing Commission has made retroactive,[13] lowers the offense level, and thus the Guidelines Range, for many, but not all, drug offenses. Whether Pomales's 240 month sentence is above the minimum of his post-Amendment 782 Guidelines range depends on where within the quantity range found at sentencing his conduct falls. Recall that the quantity finding at sentencing was between 2 and 4 kilograms of crack cocaine.

Under Amendment 782, if Pomales was responsible for at least 2.8 kilograms of crack cocaine, his offense level after taking the remaining adjustments found at sentencing into account would be 36, and his 240 month sentence would be below the minimum of the resulting Guidelines range, making him ineligible for a sentence reduction.[14] On the other hand, if he was responsible for less than 2.8 kilograms of crack cocaine, his adjusted offense level would be 34, and his amended Guidelines range would be 210-262 months.

The Court will assume without deciding that Pomales was responsible for less than 2.8 kilograms of crack cocaine. That is because, as described below, the Court nonetheless will exercise its discretion not to grant a reduction.

In light of the § 3553(a) factors, public safety concerns, and Pomales's post-sentencing conduct, the Court finds that a sentence reduction is not appropriate in this case. Pomales's conduct,

---

[11] U.S.S.G. § 1B10.10 App. Note 1 (B)(ii).
[12] U.S.S.G. § 1B1.10 App. Note 1(B)(iii).
[13] U.S.S.G. § 1B1.10(d).
[14] U.S.S.G. § 1B1.10(b)(2)(A).

Case No. 1:03-CR-431
Gwin, J.

including threatening a government witness,[15] demonstrates the need for the current sentence to protect the public and "to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense."[16] Furthermore, Pomales's post-sentencing conduct, including multiple disciplinary hearings, one of them occurring in the past year,[17] convinces the Court that a sentencing reduction is inappropriate.

### IV. Conclusion

Because Pomales's conduct at trial and his post-sentencing conduct do not indicate that a sentencing reduction would be appropriate, this Court exercises its discretion to not reduce Pomales's sentence. The Court thus **DENIES** Pomales's motion.

IT IS SO ORDERED

Dated: February 18, 2015                    s/    *James S. Gwin*
                                            JAMES S. GWIN
                                            UNITED STATES DISTRICT JUDGE

---

[15]/*See* Docs. 243-1 at 6, 277 at 11.
[16]/18 U.S.C. § 3553(a)(2)(A).
[17]/Doc. 451-1 at 4.

-4-