```
UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
-------------------------------------------------------
                                            :
UNITED STATES OF AMERICA,                   :    Case No. 1:03-CR-431
                                            :
        Plaintiff-Respondent,               :
                                            :
    vs.                                     :    OPINION & ORDER
                                            :    [Resolving Docs. 477, 478, 481]
NORMAN POMALES,                             :
                                            :
        Defendant-Petitioner.               :
                                            :
-------------------------------------------------------
```

JAMES S. GWIN, UNITED STATES DISTRICT JUDGE:

Defendant-Petitioner Norman Pomales seeks relief from final judgment under Federal Rule of Civil Procedure 60(b)(6).[1] Pomales says he received ineffective assistance from his trial counsel.[2] The Government says Pomales's motion is a successive petition.[3]

The Court agrees that Pomales's petition is a successive petition because it contains claims that could have been brought as part of Pomales's original 28 U.S.C. § 2255 habeas petition. The Court, therefore, **TRANSFERS** Pomales's motion to the Sixth Circuit Court of Appeals.

**I.    Discussion**

On February 27, 2004, a jury found Pomales guilty on two counts: (1) conspiracy to possess with the intent to distribute more than 50 grams of cocaine base ("crack") and /or more than 5 kilograms of cocaine powder, a violation of 21 U.S.C. § 841(a)(1), (b)(1)(A), and § 846;

---

[1] Doc. 477. Petitioner then supplemented his 60(b) motion. Doc. 478. The government opposed. Doc. 479. Pomales replied. Doc. 480. Then Petitioner moved to strike his original reply, and filed a new reply. Doc. 481. The Court grants Petitioner's motion to strike Petitioner's first reply. We consider Doc. 481, the Petitioner's second reply.
[2] Doc. 477.
[3] Doc. 479.

Case No.1:03-CR-431
Gwin, J.

and (2) using a telephone to facilitate a drug trafficking offense, a violation of 21 U.S.C. § 843(b).[4]

On appeal, the Sixth Circuit affirmed Pomales's conviction, but vacated his sentence and remanded for resentencing in light of the Supreme Court's *United States v. Booker* decision.[5] This Court amended Pomales's sentence accordingly, and the Sixth Circuit affirmed this Court's amended sentence.[6]

Pomales then brought a 28 U.S.C. § 2255 habeas corpus motion alleging that he had been unconstitutionally denied effective assistance of counsel.[7] This Court denied Pomales's § 2255 petition,[8] and the Sixth Circuit affirmed the decision.[9]

Subsequently, Pomales filed two Rule 60(b) motions seeking relief from the denial of his § 2255 motion.[10] The Court transferred each to the Sixth Circuit as successive petitions.[11]

Now, Pomales files his third Rule 60(b) motion. Pomales says his trial counsel was ineffective (1) because his counsel failed to present evidence that one of the government's witnesses, Special Agent Lee Lucas, was under investigation at the time of Pomales' jury trial and (2) because counsel failed to investigate Special Agent Lucas and move for a suppression hearing.[12]

---

[4] Docs. 1, 224. This Court's previous orders recount the procedural background of this case in more detail. Docs. 333, 344, 376.
[5] *United States v. Cornell*, 162 Fed. Appx. 404, 418 (6th Cir. 2006) (citing *United States v. Booker*, 543 U.S. 220, 265-266 (2005)).
[6] Docs. 271, 303.
[7] Doc. 306.
[8] Doc. 333.
[9] Doc. 366.
[10] Doc. 376 (filed March 29, 2012); Doc. 427 (filed April 15, 2013).
[11] Doc. 398 (transferring the March 29, 2012 petition to the Sixth Circuit); Doc. 431 (transferring the April 15, 2013 petition to the Sixth Circuit).
[12] Docs. 477 and 478.

Case No. 1:03-CR-431
Gwin, J.

Although Petitioner made an ineffective assistance claim in his original § 2255 petition,[13] this is the first time Pomales has argued his counsel was ineffective for how counsel dealt with Special Agent Lucas. "When a petitioner raises new claims in a Rule 60(b) motion challenging the denial of a § 2255 motion, the Rule 60(b) motion must be construed as an attempt by the petitioner to file a second motion to vacate."[14] "A federal prisoner may not file a second or successive motion to vacate his sentence, however, until the court of appeals issues an order that authorizes the district court to consider the second motion."[15] Accordingly, the Court transfers Pomales's motion to the Sixth Circuit.

Pomales says that he is not raising a new claim because he attacked Agent Lucas's credibility as part of his initial habeas motion.[16] Although Pomales sought post-conviction discovery related to Agent Lucas,[17] he never linked this discovery to an ineffective assistance claim.[18] The claim was not formed in his original habeas petition.

Additionally, even if the Court agreed that Pomales's ineffective assistance claim is not new, the Court would still transfer the instant petition. Courts grant relief under Rule 60(b)(6) "only in exceptional or extraordinary circumstances where principles of equity mandate relief."[19] The Sixth Circuit has already concluded that even if Pomales successfully impeached Agent

---

[13] In his original § 2255 petition, Pomales petitioned this Court for relief saying that his trial counsel's performance was constitutionally deficient because trial counsel (1) failed to move to strike a juror for cause because the juror had a previous connection with a government witness, and (2) failed to investigate information about Pomales's Social Security Income benefits, which would have, according to Pomales, shown him to be incompetent to stand trial. Doc. 306-1. These arguments lost. Doc. 333 at 8-12.
[14] *Homrich v. United States*, 1999 WL 1206903, *2 (6th Cir. Dec. 9, 1999)
[15] *Id.*
[16] Doc. 481.
[17] Doc. 323.
[18] *Id.*; Doc. 306-1.
[19] *West v. Carpenter*, 790 F.3d 693, 697 (6th Cir. 2015).

-3-

Case No.1:03-CR-431
Gwin, J.

Lucas, Pomales still would have been convicted.[20] Lucas gave trial testimony that had only minimal importance. Principles of equity do not mandate relief here.

## II. Conclusion

Accordingly, this Court **DENIES** Defendant's petition for Rule 60(b) relief from judgement. This Court **TRANSFERS** the Rule 60(b) motion to the Sixth Circuit.

IT IS SO ORDERED.

Dated: July 26, 2017                             *s/         James S. Gwin*
                                                 JAMES S. GWIN
                                                 UNITED STATES DISTRICT JUDGE

---

[20] Doc. 365 at 3-4. "However, even if [Agent Lucas's alleged history of perjury] was relevant to Pomales's case and could have been developed, such a showing would not have resulted in relief for Pomales. As noted by the magistrate judge, Pomales was convicted primarily on the evidence of recordings of Pomales's own voice making arrangements for the purchase of drugs with Randall Allman, a government informant. . . . Consequently, any new evidence pertaining to Agent Lucas's credibility would not likely lead to relief for Pomales."

-4-