UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO

------------------------------------------------------

UNITED STATES OF AMERICA,  :  CASE NO. 1:03-CR-00431-003

      Plaintiff, :

  vs. : OPINION & ORDER
: [Resolving Docs. 485, 487, 488, 489,
NORMAN POMALES, : 490]

      Defendant. :

------------------------------------------------------

JAMES S. GWIN, UNITED STATES DISTRICT JUDGE:

Defendant Norman Pomales seeks relief from final judgment under Federal Rule of Civil Procedure 60(b) and Federal Rule of Civil Procedure 60(d). In his Rule 60(b) motion, Pomales says he received ineffective assistance from his trial counsel.[1] In his Rule 60(d) motion, Pomales claims that the Court committed a fraud on him by denying discovery regarding his 28 U.S.C. § 2255 habeas petition.[2]

The Court finds that Pomales's Rule 60(b) petition is a successive petition because it contains claims that could have been brought as part of Pomales's original § 2255 habeas petition. The Court, therefore, **TRANSFERS** Pomales's motion to the Sixth Circuit Court of Appeals.

The Court also finds that Pomales's Rule 60(d) motion fails to allege a fraud committed on the Court. The Court, therefore, **DENIES** Pomales's 60(d) motion.

## I. BACKGROUND

On February 27, 2004 a jury found Pomales guilty on two counts: (1) conspiracy to possess with the intent to distribute more than 50 grams of cocaine base ("crack") and/or more than 5

---

[1] Doc. 485. The government opposed. Doc. 487. Defendant replied. Doc. 490.
[2] Doc. 488. The government opposed. Doc. 489.

Case No. 03-cr-431
Gwin, J.

kilograms of cocaine powder, a violation of 21 U.S.C. § 841(a)(1), (b)(1)(A), and § 846; and (2) using a telephone to facilitate a drug trafficking offense, a violation of 21 U.S.C. § 843(b).[3]

On appeal, the Sixth Circuit affirmed Pomales's conviction, but vacated his sentence and remanded for resentencing in light of the Supreme Court's decision in *United States v. Booker*, 543 U.S. 220 (2005).[4] This Court amended Pomales's sentence accordingly, and the Sixth Circuit affirmed this Court's sentence.[5]

Pomales then brought a habeas corpus motion under 28 U.S.C. § 2255 alleging that he had been unconstitutionally denied the effective assistance of counsel, and, in a separate motion, petitioned this Court for additional discovery to support that claim.[6] This Court denied both motions,[7] and the Sixth Circuit affirmed the denial of Pomales § 2255 motion.[8]

Since then, Pomales has filed three Rule 60(b) motions.[9] The Court transferred all three Rule 60(b) motions to the Sixth Circuit as second or successive § 2255 petitions.[10]

Pomales now brings his fourth 60(b) motion and a Rule 60(d) motion.

## II. DISCUSSION

**A. Rule 60(b) Motion**

Pomales's Rule 60(b) motion seems to contain the same arguments from his third Rule 60(b) motion.[11] The Court transferred his third Rule 60(b) motion to the Sixth Circuit as a

---

[3] Docs. 1, 224. This Court's previous orders recount the procedural background of this case in more detail. Docs. 333, 344, 376.
[4] *United States v. Cornell*, 162 Fed. App'x. 404 (6th Cir. 2006).
[5] Docs. 271, 303.
[6] Docs. 306-1, 322.
[7] Docs. 333, 344.
[8] Doc. 366.
[9] Docs. 376 (filed March 29, 2012), 427 (filed April 15, 2013), 477, 478 (filed in May 2017).
[10] Doc. 398 (transferring the March 29, 2012 petition to the Sixth Circuit), 431 (transferring the April 15, 2013 petition to the Sixth Circuit), 482 (transferring the May 2017 petition to the Sixth Circuit).
[11] *Compare* Doc. 485 *with* Docs. 477, 478. Pomales says his trial counsel was ineffective because (1) his counsel failed to present evidence that one of the government's witnesses, Special Agent Lee Lucas, was under investigation at the time of Pomales's jury trial and (2) counsel failed to investigate Special Agent Lucas and move for a suppression hearing. Docs. 477, 478.

-2-

successive § 2255 petition because it contained new arguments that Pomales never raised in his original § 2255 petition.[12] Thus, Pomales's Rule 60(b) motion also raises new claims.

"When a petitioner raises new claims in a Rule 60(b) motion challenging the denial of a § 2255 motion, the Rule 60(b) motion must be construed as an attempt by the petitioner to file a second motion to vacate."[13] "A federal prisoner may not file a second or successive motion to vacate his sentence, however, until the court of appeals issues an order that authorizes the district court to consider the second motion."[14] Accordingly, the Court transfers Pomales's fourth Rule 60(b) motion to the Sixth Circuit.

Additionally, even if the Court agreed that Pomales's ineffective assistance claim is not new, the Court would still transfer the instant petition. Courts grant relief under Rule 60(b)(6) "only in exceptional or extraordinary circumstances where principles of equity mandate relief."[15] The Sixth Circuit has already concluded that even if Pomales successfully impeached Agent Lucas, Pomales still would have been convicted.[16] Lucas gave trial testimony that had only minimal importance. Principles of equity do not mandate relief here.

**B. Rule 60(d) Motion**

In his Rule 60(d) motion, Pomales argues that the Court committed fraud on him by denying discovery relating to his § 2255 petition.

Rule 60(d)(3) allows the Court to set aside a judgment "for fraud on the court." To establish fraud on the Court, Pomales must show conduct

> (1) by an officer of the court; (2) directed to the "judicial machinery" itself; (3) which was intentionally false, willfully blind to the truth,

---

[12] Doc. 482.
[13] *Homrich v. United States*, No. 98-1645, 99-1289, 1999 WL 1206903, at *2 (6th Cir. Dec. 9, 1999).
[14] *Id.*
[15] *West v. Carpenter*, 790 F.3d 693, 697 (6th Cir. 2015).
[16] Doc. 365 at 3-4. "However, even if [Agent Lucas's alleged history of perjury] was relevant to Pomales's case and could have been developed, such a showing would not have resulted in relief for Pomales. As noted by the magistrate judge, Pomales was convicted primarily on the evidence of recordings of Pomales's own voice making arrangements for the purchase of drugs with Randall Allman, a government informant. . . . Consequently, any new evidence pertaining to Agent Lucas's credibility would not likely lead to relief for Pomales." *Id.*

>or in reckless disregard of the truth; (4) which was a positive averment or a concealment when under a duty to disclose; and (5) which deceived the court.[17]

Pomales fails to allege that any fraud was committed on the Court. Rather, Pomales only alleges that the Court committed a fraud on him.[18] Thus, the Court dismisses his Rule 60(d) motion.

### III. CONCLUSION

Accordingly, this Court **DENIES** the petition for Rule 60(b) and 60(d) relief from judgment. This Court **TRANSFERS** the Rule 60(b) motion to the Sixth Circuit and **DENIES** the Rule 60(d) motion.

IT IS SO ORDERED

Dated: August 31, 2017   *s/    James S. Gwin*
JAMES S. GWIN
UNITED STATES DISTRICT JUDGE

---

[17] *Hill v. United States*, No. 3:06 CR 710, 2014 WL 223239, at *2 (N.D. Ohio 2014) (unpublished) (citing *Demjanjuk v. Petrovsky*, 10 F.3d 338, 348 (6th Cir. 1993)).

[18] Pomales alleges that the Court committed a fraud on him when the Court denied him discovery related to his § 2255 petition. *See* Doc. 488 at 2. Pomales alleges that the Court cited to a transcript in its opinion that does not show Pomales was making arrangements for drug purchases. *Id.*