UNITED STATES DISTRICT COURT
NORTHAL DISTRICT OF OHIO

------------------------------------------------------------

UNITED STATES OF AMERICA,

    Plaintiff,

vs.

NORMAN POMALES,

    Defendant.

Case No. 1:03-cr-431

OPINION & ORDER
[Resolving Docs. 501]

------------------------------------------------------------

JAMES S. GWIN, UNITED STATES DISTRICT JUDGE:

In February 2004, a federal jury convicted Defendant Norman Pomales of conspiracy to possess with intent to distribute cocaine and/or cocaine base ("crack cocaine").[1] On the verdict form, the jury found that Pomales possessed "5 or more kilograms" of cocaine and "50 or more grams" of crack cocaine.[2]

At his sentencing hearing, the Court found that Defendant possessed between two and four kilograms of crack cocaine and set his offense level at 40.[3] The sentencing guidelines recommended a sentence of 360 months to life.[4] Departing downward, the Court sentenced Pomales to 240 months imprisonment.[5]

Defendant now asks the Court to reduce his sentence under the recently enacted First Step Act of 2018.[6] For the following reasons, the Court **DENIES** Defendant's motion.

---

[1] Doc. 157.
[2] *Id.*
[3] *See* Doc. 453 at 1–2. The Court set a base offense level of 38 and applied a two-level witness intimidation enhancement.
[4] Doc. 391 at 2.
[5] Doc. 271 at 2. Originally, the Court imposed a higher sentence, but reduced the sentence after *United States v. Booker*, 543 U.S. 220 (2005). *See United States v. Cornell*, 162 F. App'x 404 (6th Cir. 2006).
[6] Doc. 501.

Case No. 1:03-cr-431
Gwin, J.

**Discussion**

The Fair Sentencing Act of 2010 reduced crack cocaine sentences[7] and the First Step Act of 2018 made those reductions retroactive.[8] The question here is whether, considering these changes, the Court should resentence Pomales.

The Court first considers changes in Pomales' statutory sentencing limits. The jury found that Pomales' possessed at least fifty grams of crack cocaine.[9] At the time, this required the Court to sentence Pomales to between ten years and life imprisonment. Now, Pomales' conviction requires a sentence between five and forty years.[10]

The Court also considers changes in the sentencing guidelines. The Court found Pomales possessed between two and four kilograms of crack cocaine, setting Pomales offense level at 40.[11] Under the new guidelines, he would likely have an offense level of either 36 or 38.[12] This would produce either a 210–262 or 262–327-month range.[13]

Accordingly, Pomales is *eligible* for relief. However, resentencing remains within this Court's discretion.[14] For several reasons, the Court declines to reduce Defendant's sentence.

First, Defendant's twenty-year sentence remains within the statutory limits. Further, even with the changes, Defendant's sentence remains either below or within the new sentencing guideline recommendation. Finally, considering the 18 U.S.C. § 3553(a)

---

[7] The Fair Sentencing Act of 2010, Pub. L. 111-220, 124 Stat. 2372, 2372, § 2(a)(1), (2) (2010).
[8] The First Step Act of 2018, Pub. L. 115-391, 132 Stat. 5194, 5222, § 404(b) (2018).
[9] Doc. 157 at 1.
[10] 21 U.S.C. § 841(b)(1)(B)(iii).
[11] U.S. Sentencing Guidelines Manual § 2D.1.1(c)(1) (U.S. Sentencing Comm'n 2005).
[12] *See* U.S. Sentencing Guidelines Manual § 2D.1.1(c)(3) (U.S. Sentencing Comm'n 2018) (Between 2.8 and 8 kilograms of crack cocaine yields a base offense level of 34); U.S. Sentencing Guidelines Manual § 2D.1.1(c)(4) (U.S. Sentencing Comm'n 2018) (between 840 grams and 2.8 kilograms of crack cocaine yields a base offense level of 32). The final offense level included a two-level witness intimidation enhancement.
[13] *See* U.S. Sentencing Guidelines Manual § 5A (U.S. Sentencing Comm'n 2018).
[14] The First Step Act of 2018, Pub. L. 115-391, 132 Stat. 5194, 5222, § 404(c) (2018) ("Nothing in this section shall be construed to require a court to reduce any sentence.").

sentencing factors, the Court believes that Pomales' sentence is correct.[15]

Separately, Pomales argues that the Court should not have concluded he possessed between *two and four kilograms* of crack cocaine when the jury only found he possessed at least *fifty grams*. In support, he cites *Alleyne v. United States*, where the Supreme Court held that only a jury can find facts that enhance a defendant's mandatory minimum sentence.[16] However, here, the Court's findings did not increase Pomales' mandatory minimum, only his guidelines' range, which *Alleyne* permits.[17]

For the foregoing reasons, the Court **DENIES** Defendant's motion to reduce his sentence.

IT IS SO ORDERED.

Dated: July 30, 2019        s/     *James S. Gwin*
                            JAMES S. GWIN
                            UNITED STATES DISTRICT JUDGE

---

[15] Doc. 453 ("In light of the § 3553(a) factors, public safety concerns, and Pomales's post-sentencing conduct, the Court finds that a sentence reduction is not appropriate in this case. Pomales's conduct, including threatening a government witness, demonstrates the need for the current sentence to protect the public and to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense. Furthermore, Pomales's post-sentencing conduct, including multiple disciplinary hearings, one of them occurring in the past year, convinces the Court that a sentencing reduction is inappropriate.").

[16] 570 U.S. 99, 116 (2013).

[17] *United States v. Jackson*, 594 F. App'x 297, 300 (6th Cir. 2015).